TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00602-CR







Bob L. Guiles, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR94-063, HONORABLE GEORGE L. WALKER, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of seven counts of indecency with a child by contact
and one count of indecency with a child by exposure. Act of May 29, 1987, 70th Leg., R.S., ch.
1028, § 1, 1987 Tex. Gen. Laws 3474 (Tex. Penal Code Ann. § 21.11, since amended). For each
of the contact counts, the jury assessed punishment at imprisonment for twenty years and a
$10,000 fine. For the exposure count, the jury assessed punishment at imprisonment for ten years
and a $10,000 fine.

 In his only point of error, appellant contends the district court "erred by failing to
conduct a balancing test before ruling on defendant's objection to the use of 404(b)
evidence/motion in limine." The motion to which appellant refers was filed prior to trial. By this
motion, appellant objected to the introduction of any extraneous offense evidence without a prior
determination by the court that the evidence was relevant and that its relevance outweighed any
risk of unfair prejudice. Tex. R. Crim. Evid. 402, 403, 404(b). The motion was filed in apparent
response to the State's "notice of intent to use 404(b) evidence," which indicated the State's
intention to offer evidence of appellant's "bare breast fetish," "admiration of girls bathing,"
"display of porn video to girls," "enticing manipulation of girls," "prior similar conduct," and
"use of vibrators."

 The State's first witness was an investigator for the Department of Protective and
Regulatory Services who interviewed the victims in this cause. Before any testimony was adduced
from this witness, defense counsel asked to voir dire the witness "to see if she is, in fact, an
outcry witness, to see whether or not I have any objections." The jury was removed and counsel
was asked to clarify his motion. Counsel stated, "I want to ask the Witness whether or not she's
prepared to testify today about extraneous offenses in this case." Counsel added, "I think . . . this
witness is getting ready to testify . . . that somehow a scheme of activity that causes her to believe
that these extraneous offenses have an impact on the material issues in this case." During the
discussion that followed, the prosecutor argued that the State intended to offer extraneous offense
evidence to show appellant's scheme or plan. Defense counsel objected that this was not a proper
basis for admission of extraneous offense evidence and reminded the court that it was required to
balance the relevance of extraneous offense testimony against its prejudicial nature. After hearing
the arguments of counsel, the court announced, "Your motion is overruled." 

 Appellant correctly notes that when a party objects to evidence pursuant to rule
403, the trial court must weigh the probativeness of the evidence against its potential for unfair
prejudice. Montgomery v. State, 810 S.W.2d 372, 389 (Tex. Crim. App. 1991) (opinion on
rehearing). This requires the court to consider the challenged evidence in light of the other
evidence in the case. Id. at 389-90 (discussing factors court is to consider). At the time appellant
voiced his objection, however, no evidence had been adduced or proffered. The district court was
being asked by both appellant and the State to determine the admissibility of extraneous offense
testimony that had been only vaguely described to the court, if described at all. The district court
could not conduct a meaningful rule 403 balancing test in the abstract, without hearing either the
challenged evidence or the State's other evidence. 

 In his brief, appellant does not identify any extraneous offense evidence that he
contends was erroneously admitted. Appellant's point of error presents nothing for review and
is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: June 21, 1995

Do Not Publish